June 5, 1959. No explanation has been offered of the long period of delay (cf. Civil Service Law, § 75, subd. 3). In view of our decision, no action need be taken with respect to this matter in the present case but we direct attention to the importance of a speedy determination of charges against an employee under the Civil Service Law. (Review of a determination by the Board of Education of Utica demoting petitioner from his position as head custodian of Utica Free Academy, which proceeding was transferred to the Appellate Division for determination by order of Oneida Special Term. Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

■ In the Matter of ROCCO F. DE PERNO, Petitioner, against FRANK DULAN, as Mayor of the City of Utica, Respondent.— Determination unanimously confirmed, without costs. Motion to dismiss petition for legal insufficiency unanimously denied, without costs. (Review of the action of the Mayor of the City of Utica, in removing Rocco F. De Perno as member and chairman of the Municipal Civil Service Commission, which matter was transferred to the Appellate Division for determination by order of Oneida Special Term.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

■ KATHERINE B. NUCKOLLS, Respondent, v. RICHARD G. NUCKOLLS, Appellant.— Appeal unanimously dismissed, with costs to the plaintiff on the ground that no appeal lies from the judgment which was rendered upon defendant's default. (Appeal from judgment of Erie Special Term awarding plaintiff judgment of separation and custody of the two children of the marriage, and providing for certain property settlements and payment by defendant for the support of each child while with plaintiff.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.

■ KATHERINE B. NUCKOLLS, Respondent, v. RICHARD G. NUCKOLLS, Appellant.— Order unanimously affirmed, with $25 costs and disbursements. (Appeal from order of Erie Special Term, ordering defendant's rights of visitation and temporary custody of children under the judgment of separation forfeited until payments for support of children are made current.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.

■ KATHERINE B. NUCKOLLS, Respondent, v. RICHARD G. NUCKOLLS, Appellant.— Order unanimously affirmed, with $25 costs and disbursements. (Appeal from order of Erie Special Term, denying motion to vacate a judgment of separation.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.

■ STEPHEN E. FEDEROWICZ, Respondent, v. POTOMAC INSURANCE COMPANY OF THE DISTRICT OF COLUMBIA et al., Appellants.— Judgment and order affirmed, with costs. All concur, except Williams, P. J., who dissents and votes for reversal and dismissal of the complaint in the following memorandum: This is the second time that this case has been before this court (Federowicz v. Potomac Ins. Co., 7 A D 2d 330). In our first decision a majority opinion was written by Justice BASTOW and I wrote a separate concurring opinion in which I disagreed with my associates as to the theory pertaining to the quantum of plaintiff's financial loss. Although the case is not before us in precisely the same posture as formerly, in my opinion the question of law relating to the amount of recovery has been sufficiently preserved. It would serve no useful purpose to restate my position. The Trial Justice submitted the question of insurable interest to the jury but then charged that if the plaintiff had an insurable interest " then he is entitled to recover the value of the building without regard to the fact that he might shortly thereafter have to remove it." A request to charge that the greatest right that plaintiff had was to enter, demolish the building and take the salvage, was refused with an exception. This in my